In re Gregory S. WILLIAMS, Sr., & Joyce L. Williams, Debtors.

W. Clarkson McDow, Jr. United States Trustee for Region IV, Movant.

v.

Gregory S. Williams, Sr., & Joyce L. Williams, Respondents.

No. 08–50781.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

March 1, 2010.

Marilyn A. Solomon, Winchester, VA, for Debtors.

John G. Leake, Harrisonburg, VA, for Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court is the United States Trustee's Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(b)(1), filed on October 22, 2008. The U.S. Trustee relies on either 11 U.S.C. §§ 707(b)(2) or 707(b)(3) as a statutory basis for the relief it seeks. After considering the testimony offered and evidence entered at trial and the post-trial briefs submitted in support of each party's respective position the Court makes the following findings of fact and conclusions of law.

**1.** Debtors' Exhibit A, *In re Williams*, No. 08–50781 (Bankr.W.D.Va. Aug.27, 2009).

## *JURISDICTION*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## *FACTS*

The facts in this matter are not in dispute. The Debtors filed a voluntary Chapter 7 petition on August 1, 2008. The Debtors included with their petition the Chapter 7 Statement of Current Monthly Income and Means–Test Calculation as embodied in Official Form 22A (hereafter the "Form 22A".) On Form 22A, the Debtors calculate their current combined monthly income to be $7,127.24.[1] To reach their monthly disposable income, the Debtors deduct from their current monthly income, among other expenses, $1,689.42 in monthly payments made for taxes, $199.00 in monthly payments made for telecommunication services and $200.00 in monthly payments made for the continuing care of a family member. On Line 50 of Form 22A, the Debtors determine that their monthly disposable income under § 707(b)(2) is *negative* $611.01.[2]

On October 22, 2008, the U.S. Trustee moved to dismiss the Debtors' Chapter 7 case pursuant to 11 U.S.C. § 707(b)(1). The U.S. Trustee asserts that the presumption of abuse arises under § 707(b)(2) because the Debtors incorrectly valued the amount of monthly payments made in the three categories listed above. The U.S. Trustee alleges that, when calculated properly, the Debtors' net disposable income is $166.67 per month, which is sufficient to

**2.** *Id.*

fund a Chapter 13 plan of reorganization.[3] The Trustee also alleges that the Debtors' case constitutes an abuse pursuant to 11 U.S.C. § 707(b)(3). The Trustee argues that when viewed in the totality of the circumstances the Debtors' actions in incurring a vast amount of debt on unnecessary items evidences a pattern of abuse.

On October 31, 2008, the Debtors objected to the U.S. Trustee's motion to dismiss and statement of presumed abuse. The Debtors assert that no presumption of abuse arises in this case because the value of each of the three aforementioned monthly payments is justified. The Debtors also assert that when viewed in the totality of the circumstances the Debtor's pre-petition behavior is not abusive.

Since a finding of abuse under § 707(b)(2) would lead to a dismissal or conversion of the case, thus rendering any allegations tied to § 707(b)(3) moot, the Court will first address the issues relating to § 707(b)(2).[4]

### DISCUSSION

#### Relevant Statutory Provisions

The bankruptcy court may dismiss an individual Chapter 7 debtor's case for abuse.[5] The presumption of abuse arises if the debtor's net disposable income over sixty months exceeds the lesser of: (1) twenty-five percent of the debtor's nonpriority unsecured claims or $6,575, whichever is greater; or (2) $10,950.[6,7] To calculate a debtor's net disposable income, the debtor's current monthly income, which is the average of his or her income in the six months immediately preceding the petition date, must be reduced by his (1) monthly expenses incurred in the categories listed in 11 U.S.C. § 707(b)(2)(A)(ii); (2) average payments on secured debts over the sixty months following the petition date; and (3) average payments on priority claims over the sixty months following the petition date.[8]

#### Burden of Proof

In re Meade, 420 B.R. 291 (Bankr. W.D.Va.2009) holds that as a general proposition, the party asserting that a debtor's case is abusive bears the burden of proof. In re Perelman, 419 B.R. 168, 177 (Bankr. E.D.N.Y.2009), a case brought under § 707(b)(3), holds that upon a showing by the moving party of a prima facie case of abuse, the burden of proof shifts to the non-moving party to controvert the prima facie case.[9] In making a determination of

---

**3.** Trustee's Motion to Dismiss Case at 3, *In re Williams*, No. 08–50871 (Bankr.W.D.Va. Oct. 22, 2008).

**4.** *In re Witek*, 383 B.R. 323 (Bankr.N.D.Ohio 2007).

**5.** 11 U.S.C. § 707(b)(1) (West 2009).

**6.** 11 U.S.C. § 707(b)(2)(A) (West 2009).

**7.** The court in *In re Ray*, 362 B.R. 680 (Bankr. D.S.C.2007), succinctly described the application of § 707(b)(2)(A):

> More simply stated, if, after all appropriate deductions from the debtors' current monthly income, the debtors have less than [$109.58] per month in monthly net income (i.e., less than [$6,575] to fund a 60–month plan), the filing is not presumed abusive. If the debtors have monthly net income of [$182.50] or more (i.e., at least [$10,950] to fund a 60–month plan), the filing is presumed abusive. Finally, if the debtors' monthly income is more than [$109.58] but less than [$182.50], the case will be presumed abusive if the income, when multiplied by 60, will pay 25% or more of the debtors' non-priority unsecured debts.

*Id.* at 681–82 (alterations reflect 2009 inflation-adjusted amounts).

**8.** 11 U.S.C. § 707(b)(2)(A) (West 2009).

**9.** Black's Law Dictionary defines a prima facie case as one in which "A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's

whether a prima facie case has been established the court in *Perelman* used a preponderance of the evidence standard.[10,11,12]

■ The Court will apply the *Perelman* standard of proof in cases brought under § 707(b)(2)(A). Thus, if the Trustee asserts that a debtor has incorrectly stated his expenses on Form 22A and if corrected, the debtor's expenses would yield disposable income that is high enough to raise the presumption of abuse, the burden of proof rests upon the Trustee to show the validity of its proposed expenses figures and ultimately that abuse exists. If the Trustee is able to introduce enough evidence in support of its revised figures that a court, using a preponderance of the evidence standard, could infer the validity of those figures and use them to find that a presumption of abuse arises under § 707(b)(2)(A), then a prima facie case of abuse has been established. Once a prima facie case of abuse under § 707(b)(2)(A) is established the burden of proof shifts to the debtor who, in accordance with § 707(b)(2)(B), must show that "special circumstances" justify the expenses the debtor has claimed on Form 22A.[13] In summary, a prima facie case results in presumed abuse under § 707(b)(2) and the burden is on the Debtor to rebut and to shift the ultimate burden of proof back to the moving party.[14]

### *Expenses Allowed Under 11 U.S.C. § 707(b)(2)(A)(ii)*

§ 707(b)(2)(A)(ii) provides debtors with an extensive list of expenses, allocated into five large categories, that a debtor may deduct from current monthly income.[15] The first category is National and Local Standards that are issued by the Internal Revenue Service and are calculated to correspond to a debtor's location and family size.[16] This category also includes what are termed "Other Necessary Expenses." These expenses are also issued by the Internal Revenue Service but differ from the National and Local Standards in that they cover a larger,

favor." *Black's Law Dictionary* 1189 (8th ed.1994).

10. *Perelman*, 419 B.R. at 168.

11. *Braud v. Kinchen*, 310 So.2d 657 (La.App. 1st Cir.1975) (cited with approval in *In re Sorrell*, 292 B.R. 276, 288 (Bankr.E.D.Tex. 2002) and *In re Nichols*, 1999 WL 782111, *5 (Bankr.E.D.Pa. Sept. 29, 1999)) defines "preponderance of the evidence" as "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows that the fact sought to be proved is more probable than not."

12. *See also, Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389–390, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983)) (Holds that the preponderance of the evidence standard applies in "all civil actions between private litigants unless 'particularly important individual interests or rights are at stake.' ") and *In re Lee*, 415 B.R. 518, 523 (Bankr.D.Kan.2009) (holds that the preponderance of the evidence standard applies to "most, if not all bankruptcy, disputes.")

13. 11 U.S.C. § 707(b)(2)(B) (West 2009)

14. In applying this burden of proof standard the Court takes into account all deductions asserted on the face of Form 22A. If Form 22A shows on its face disposable income sufficient to raise the presumption of abuse the Debtor has the burden of going forward with the evidence to rebut the presumption. However, if the allegation of presumed abuse arises because the U.S. Trustee takes issue with either the income or deductions shown on the face of Form 22A, the U.S. Trustee must establish a prima facie case before the presumption of abuse arises.

15. 11 U.S.C. § 707(b)(2)(A)(ii) (West 2009)

16. 11 U.S.C. § 707(b)(2)(A)(ii)(I) (West 2009)

more varied, pool of expense types. The second category of expenses allows debtors to claim, if applicable, expenses related to the care of family members.[17] The third category of expenses allows debtors to claim, if the debtor is eligible for Chapter 13, administrative expenses incurred for administering a Chapter 13 plan.[18] The fourth category of expenses allows debtors to claim, if justified, expenses incurred to send children, under the age of 18, to private or public elementary or secondary schools.[19] The fifth category of expenses allows debtors to claim expenses incurred for home energy costs in excess of the amount prescribed by the Internal Revenue Service standards found in category one of the section.[20]

At issue in this case are expenses claimed in the first and second categories, namely tax and telecommunication expenses claimed under the "Other Necessary Expense" group of the first category and family care expenses claimed under the second category.

### Tax Expense Adjustment

■ On Line 25 of Form 22A the Debtors claimed $1,689.42 in monthly payments for taxes.[21] Both the Trustee and the Debtors agree that this figure should be increased from $1,689.42 to $1,703.55 in order to reflect a corresponding increase in the reported amount of income for Mr. Williams.[22] However, the Debtors contend that while the $1,703.55 figure accurately reflects the Debtors' current combined monthly income, it leaves out a $49.59 monthly payment made in 2008 for personal property taxes.[23] The Debtors urge the Court to adopt $1,753.14 as the new figure for monthly tax payments.[24] The Debtors have not produced any evidence in support of the $49.59 monthly personal property tax expense and therefore, the Court will deny the inclusion of that figure in the calculation of monthly tax payments. Accordingly, Line 25 of Form 22A will be amended to reflect $1,703.55 in monthly tax payments.

### Telecommunication Expense Adjustment

■ On Line 32 of Form 22A, the Debtors have claimed $199.00 in monthly payments for telecommunication expenses.[25] The Trustee challenges this figure and asserts that it should be reduced to $44.95.[26] To support its claim, the Trustee proffers a number of billing statements related to satellite tv and miscellaneous telecommunication services.[27] The Debtors rely on the same billing statements and contend that because *In re Minahan,* 394 B.R. 116 (Bankr.W.D.Va.2008) allowed $150.00 in monthly telecommunication payments,

17. 11 U.S.C. § 707(b)(2)(A)(ii)(II) (West 2009)

18. 11 U.S.C. § 707(b)(2)(A)(ii)(III) (West 2009)

19. 11 U.S.C. § 707(b)(2)(A)(ii)(IV) (West 2009)

20. 11 U.S.C. § 707(b)(2)(A)(ii)(V) (West 2009)

21. Debtors' Exhibit A.

22. Debtors' Brief in Opposition to the United States Trustee's Motion to Dismiss at 3, *In re Williams*, No. 08–50781 (Bankr.W.D.Va. Nov. 4, 2009).

23. Debtors' Brief in Opposition to the United States Trustee's Motion to Dismiss at 3, In re Williams, No. 08–50781 (Bankr.W.D.Va. Nov. 4, 2009).

24. *Id.*

25. Debtors' Exhibit A.

26. Trustee's Brief in Support of United States Trustee's Motion to Dismiss at 10, In re Williams, No. 08–50781 (Bankr.W.D.Va. Oct. 9, 2009).

27. Trustee's Exhibit 17, In re Williams, No. 08–50781 (Bankr.W.D.Va. June 19, 2009).

which included payments made for cable/satellite tv and internet services, the Court here is now bound by precedent to do the same.[28] This Court does not read and interpret *Minahan* as advocated by the Debtors.

In *Minahan*, the debtors claimed a large monthly payment for telecommunication services on Line 32 of their Form 22A. The debtors testified that this monthly payment included expenses for cable/satellite tv services, local telephone services and other telecommunication related services. Ultimately, the court allowed the debtors to claim $100.00 on Line 32, as opposed to the $150.00 the Debtors in the case at bar claim the *Minahan* decision allowed.[29] However, the *Minahan* decision imposed the restriction found in the language of Form 22A that the $100.00 could be spent only on expenses found to be "reasonably necessary."[30] The *Minahan* decision arrived at its figure through the following findings. With regard to the cable/satellite tv services *Minahan* found that the debtors had not established that "the cable/satellite expense is 'necessary' for the health and welfare of themselves and their dependents."[31] Since *Minahan* found these services unnecessary the $100.00 the court permitted for "reasonably necessary" expenses could not be allocated to cable/satellite tv services. With regard to the local telephone services *Minahan* found that while the $50.00 per month expense claimed by the debtors was reasonable, the Internal Revenue Service living standards already included any expense for such services.[32] Since Line 32 prohibits debtors form claiming deductions

that have already been claimed elsewhere on Form 22A the court found that the debtors could not allocate any permitted funds to local telephone services. Once the cable/satellite tv services and local telephone services have been removed from the debtors' expense calculations the remaining services supported a finding by the court that $100.00 was an appropriate value for telecommunication related monthly payments. Thus, Line 32 of the debtors' Form 22A was reduced to $100.00

In this case, as in *Minahan*, the Debtors have not produced any evidence to support a finding that satellite tv services are " 'necessary for the health and welfare of themselves and their dependents.' "[33] Thus, any expenses incurred for satellite tv services may not be included in the calculation of monthly telecommunication payments.

The Debtors also claim the following monthly expenses for miscellaneous telecommunication services: $25.45 for "Embarq Solutions"; $8.42 for "Local Services"; $7.10 for "Long Distance"; $44.95 for "Internet" and $11.21 for "Taxes."[34] The Debtors have failed to produce any evidence that would either inform the Court as to what telecommunication services are provided by "Embarq Solutions" or their necessity. Additionally, *Minahan's* holding that local services are included in the IRS standards for living expenses and thus, cannot be included in any claimed monthly telecommunications payment, results in the $8.42 spent on local services being disallowed from any calcula-

28. Debtors' Brief in Opposition at 4.

29. *Minahan* 394 B.R. at 125.

30. *Minahan* 394 B.R. at 125.

31. *Id.*

32. IRS Local Standards: Housing and Utilities can be found at http://www.irs.gov/individuals/article/0,,id=96543,00.html

33. *Minahan* 394 B.R. at 125.

34. Trustee's Exhibit 17.

tion of monthly telecommunication payments. Also, the Debtors have not offered any evidence to support a finding that the "Long Distance" service is necessary.[35] Therefore, any expenses incurred for "Embarq Solutions," "Local Services" and "Long Distance" cannot be included in the calculation of monthly telecommunication payments.

The Debtors have testified that they use the "Internet Services" for employment related matters.[36] The Debtors also produced evidence as to the actual cost of the internet services that, when tax is included, totals $51.00 per month.[37,38] The Trustee did not specifically object to this figure in her Reply Brief filed on November 19, 2009. Accordingly, the Court finds that the Debtors have met their burden of proof with regard to expenses incurred for internet services.

The net result of the Court's findings above is that Line 32 will be amended to reduce it from $199.00 per month to $51.00 per month.

### Allowance for Care of Daughter

On Line 35 of Form 22A the Debtors claimed a $200.00 monthly payment for the care of a family member.[39] The family member the Debtors are caring for is Ms. Jennifer Swanson, Mrs. Williams' daughter by a previous marriage.[40] The Trustee asserts that expenses incurred for Ms. Swanson's care are not allowable because Ms. Swanson is a 40–year old adult with no diagnosed physical or mental impairments. The Trustee contends that since Ms. Swanson is not impaired in any recognizable way the Debtors' expense for continuing care should be eliminated in the calculations of net disposable income. This would reduce the $200.00 monthly payment listed on Line 35 to $0.00.[41] The Debtors respond by arguing that although Ms. Swanson is not impaired by any diagnosed illness or disability, past events in her life warrant their continuing care and support.[42] For this reason the Debtors urge the Court to allow the $200.00 monthly expense incurred for her care.

■ 11 U.S.C. § 707(b)(2)(A)(ii)(II) states,

[T]he debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill,

---

**35.** The Court does not address the question of whether expenses incurred for Long Distance Telephone Service is covered by the IRS Local Standards for Housing and Utilities for purposes of calculating disposable income. Should Long Distance expenses be considered to be included in the IRS Local Standards then the Debtors are unable to claim them since they have already been deducted, as is the case with Local Telephone Services. Should Long Distance expenses not be included in the IRS Local Standards, the Debtors would need to produce evidence to justify their necessity. Since the Debtors have not provided any evidence to justify the necessity of Long Distance Telephone Services, any expenses incurred for such services cannot be included in the calculation of monthly telecommunication payments. Therefore, in either situation, the Court's finding that ex-

penses incurred for Long Distance Telephone Services should be excluded from the calculation of monthly communication payments is unaffected.

**36.** Transcript of Record at 83, In re Williams, No. 08–50781 (Bankr.W.D.Va. Sept. 4, 2009).

**37.** Debtors' Brief in Opposition at 4.

**38.** Figure reflects $44.95 for internet services added to $6.05 in associated taxes.

**39.** Debtors' Exhibit A.

**40.** Trustee's Brief in Support at 10.

**41.** Trustee's Brief in Support at 10.

**42.** Tr. at 22–25.

or disabled household member or member of the debtor's immediate family ... and who is unable to pay for such reasonable and necessary expenses.[43]

Line 35 of Form 22A uses nearly identical language to that found in § 707(b)(2)(A)(ii)(II) in order to make the statute operational for purposes of calculating disposable income. When the language of an official form, such as Form 22A, differs from that found in the statute the form corresponds to, the language of the statute controls.[44] Therefore, in order to determine if the expense listed on Line 35 of Form 22A is justified the Court must determine if the elements required by § 707(b)(2)(A)(ii)(II) have been satisfied.

■■■ *In re Hicks,* 370 B.R. 919 (Bankr.E.D.Mo.2007) holds that the elements of § 707(b)(2)(A)(ii)(II) are as follows:

(1) The expenses must be a continuation of actual expenses paid by the Debtor; and

(2) The expenses must be reasonable and necessary for care of an elderly, chronically ill, or disabled:

(a) Household member who is unable to pay for such expenses; or

(b) Member of the Debtor's immediate family (as defined by the statute) who is unable to pay for such expenses.[45]

The Court adopts the *Hicks* elements and now applies them to the facts of this case. The Trustee argues that Ms. Swanson is capable of self-sufficiency and at trial elicited testimony from the Debtors that Ms. Swanson is currently employed by Strayer University while at the same time pursuing a masters degree from the same institution.[46] The Court finds that the evidence the Trustee presented is enough to establish a prima facie case for the validity of the Trustee's revised expense figure of $0.00. The burden shifts to the Debtors to present evidence or testimony that the Debtors continuing care of Ms. Swanson meets the *Hicks* elements and is therefore justified. However, the Debtors did not present any evidence that would allow the Court to find that they have satisfied the *Hicks* elements needed to justify the monthly payment. There is no evidence that the $200.00 is for "actual expenses," rather it appears that the $200.00 is an allowance afforded Ms. Swanson. There is no evidence that the expenses are reasonable and necessary for Ms. Swanson's care. There is no evidence that Ms. Swanson is elderly, chronically ill or disabled. At best the evidence reveals that in her parents' opinion Ms. Swanson is unable to function at a level sufficient to live separate and apart from the Debtors. Since the Debtors have failed to justify the $200.00 monthly payment the figure listed on Line 35 of Form 22A is reduced from $200.00 to $0.00.

### Amended Value of Total Monthly Expenses

The result of the preceding adjustment to the amount of tax, telecommunication and family care expenses the Debtors claimed on their Form 22A is that the total monthly expenses are decreased from the $5,450.92 claimed by the Debtors to $5,117.05.

### Calculation of Disposable Income

§ 707(b)(2)(A)(i) states that a presumption of abuse arises if a debtor's disposable

---

43. § 11 U.S.C. § 707(b)(2)(A)(ii)(II) (West 2009).

44. *In re Harris,* 415 B.R. 756, 762 (Bankr. E.D.Ca.2009).

45. *Hicks,* 370 B.R. at 922–923.

46. Tr. 22–25.

income, when multiplied by 60, exceeds a certain threshold.[47] § 707(b)(2)(A)(i) instructs the Court to calculate disposable income by deducting from a debtor's current monthly income all monthly expenses provided for in § 707(b)(2)(A)(ii), average payments on secured debts over the sixty months following the petition date as provided for in § 707(b)(2)(A)(iii) and average payments on priority claims over the sixty months following the petition date as provided for in § 707(b)(2)(A)(iii).[48] When this formula is applied in this case the following equation is created: $5,117.05 in monthly expenses, $2,287.33 in average payments on secured debts and $0.00 in priority claims is deducted from $7,601.45 in current combined monthly income.[49,50] The result of this calculation is $197.07 in monthly disposable income.

### Presumption of Abuse Under § 707(b)(2)(A)(i)

As stated above, § 707(b)(2)(A)(i) states that a presumption of abuse arises if a debtor's disposable income, when multiplied by 60, exceeds a certain threshold.[51] § 707(b)(2)(A)(i) establishes that threshold as having been crossed when the debtor's net disposable income over sixty months exceeds the lesser of: "(1) twenty-five percent of the debtor's nonpriority unsecured claims or $6,575, whichever is greater; or (2) $10,950."[52] In this case, when the Debtors' monthly disposable income of $197.07 is multiplied by 60, the product is $11,824.20, which exceeds $10,950. The Court finds a presumption of abuse under § 707(b)(2)(A)(i). Once the presumption of

abuse is found, § 707(b)(2)(B) limits a debtor's ability to rebut that presumption to "demonstrating special circumstances" that "justify additional expenses or adjustments of currently monthly income." 11 U.S.C. § 707(b)(2)(B) (West 2009). In order to establish "special circumstances" a debtor must produce documentation for and an explanation of the special circumstances such that the Court, by a preponderance of the evidence, could find that the expense or adjustment to income is justified.[53] The Debtors failed to produce evidence to rebut the presumption.

### Conclusion

Based on the evidence, the presumption of abuse was established by the Trustee. The Debtors were required to rebut that presumption in order to shift the ultimate burden of proof back to the Trustee. However, the Debtors have not produced sufficient evidence to persuade the Court that the expenses claimed on their Form 22A are justified. Accordingly, the Court finds that the Debtors have failed to rebut the presumption of abuse under § 707(b)(2). Therefore, the Debtors' case will be dismissed unless the Debtors elect to convert to Chapter 13 within 20 days of the date of this Order. Having found abuse under § 707(b)(2) there is no need to determine the Trustee's allegations under § 707(b)(3). Accordingly, it is:

### ORDERED:

That the Trustee's Motion to Dismiss Case is hereby **GRANTED** unless the

---

47. 11 U.S.C. § 707(b)(2)(A)(i) (West 2009).

48. *Id.*

49. By agreement of the parties the Debtors' current combined monthly income is increased from the $7,127.24 figure claimed on Form 22A to $7,601.45. This increase reflects the reporting of income received by Mr. Williams on account of overtime and other

wage adjustments. Trustee's Brief in Support at 8 and Debtors' Brief in Opposition at 3.

50. Debtors' Exhibit A.

51. 11 U.S.C. § 707(b)(2)(A)(i) (West 2009).

52. *Id.*

53. 11 U.S.C. § 707(b)(2)(B) (West 2009).

Debtors convert their case to Chapter 13 within 20 days of the date of this Order.

Copies of this Order are directed to be sent to counsel for the Debtors, Marilyn A. Solomon, Esq.; to Margaret K. Garber, Esq., Office of the U.S. Trustee; and to the Chapter 7 Trustee, John G. Leake, Esq.